### D. C. White *v.* The State.

PRACTICE IN THE COURT OF APPEALS.— To enable this court to pass upon errors assigned upon the evidence, it is indispensable that the evidence involved in the inquiry be brought up in the record by a statement of facts or bill of exceptions. If the evidence be not thus brought up, this court can only revise the indictment and consider whether the charge of the court below correctly and sufficiently enunciated to the jury the law applicable to any state of facts germane to the indictment.

APPEAL from the District Court of Van Zandt. Tried below before the Hon. JOHN C. ROBERTSON.

The appellant was convicted capitally in the court below on an indictment which charged him with the murder of George Conquest, on February 20, 1877, by shooting him with a double-barreled shot gun. The record contains none of the evidence on which the conviction was had, but the charge of the court below indicates that robbery was the object of the crime.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. The indictment in this case charged the appellant with the murder of one George Conquest, in

Van Zandt county, on the 20th day of February, A. D. 1877. His trial, which took place on the 7th day of May, 1881, resulted in a verdict and judgment of conviction of murder in the first degree, with the penalty assessed at death.

From this judgment he has appealed to this court and presents to us a record which contains no statement of facts and not a single bill of exceptions; and the grounds upon which his motion for a new trial was based relate entirely to the sufficiency of the evidence, which not being before us, it is impossible that we can pass intelligently upon the motion. In the attitude in which we find the case, we can only pass upon the sufficiency of the indictment and the sufficiency of the charge of the court in its presentation of the law applicable to any state of facts which might arise under the indictment. These we have carefully considered, and can find no error of omission or commission in either; and with regard to the charge we have not only found it correct in its enunciation of the law, but the learned judge appears to have been unusually careful in guarding every right to which the law entitled the defendant.

It is a matter to be regretted, perhaps, that a record of the whole trial was not prepared and sent up; still, it is but fair to presume that the able counsel representing defendant must have been satisfied that a statement of the facts could have availed him nothing. Under the circumstances of the case it only remains for us, in the performance of a most solemn duty, to declare that the judgment of the court below is in all things affirmed.

*Affirmed.*